**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| Ravgen, Inc.,<br><br>  Plaintiff,<br><br> v.<br><br>Progenity, Inc.,<br><br>  Defendant. | Civil Action No. 20-cv-1734-RGA-JLH<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF RAVGEN'S ANSWER TO PROGENITY'S COUNTERCLAIMS

Plaintiff and Counterclaim Defendant Ravgen, Inc. ("Ravgen") answers Defendant and Counterclaimant Progenity, Inc's ("Progenity") counterclaims (D.I. 10, "Counterclaims") as follows:

## PARTIES

1.      Ravgen admits the allegations in Paragraph 1 of the Counterclaims.

2.      Ravgen admits the allegations in Paragraph 2 of the Counterclaims.

## JURISDICTION AND VENUE

3.      Ravgen does not contest that this Court has jurisdiction over the subject matter of these Counterclaims.  The remaining allegations in Paragraph 3 of the Counterclaims are legal conclusions that require no response.

4.      Ravgen does not contest that this Court has personal jurisdiction over Ravgen.  The remaining allegations in Paragraph 4 of the Counterclaims are legal conclusions that require no response.

5.      Ravgen does not contest that venue is proper in this District.  The remaining allegations in Paragraph 5 of the Counterclaims are legal conclusions that require no response.

## COUNT I

### Declaration of Invalidity of U.S. Patent No. 7,727,720

6. Ravgen incorporates by reference paragraphs 1–5.

7. Ravgen admits the allegations in Paragraph 7 of the Counterclaims.

8. Ravgen admits that it is the legal owner by assignment of the '720 patent.

9. Ravgen admits that it has alleged that Progenity has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '720 patent.

10. Ravgen admits that Progenity purports to seek a declaration under 28 U.S.C. §§ 2201 and 2202 concerning whether Progenity has infringed and is infringing any valid and enforceable claim of the '720 Patent.  The remaining allegations in Paragraph 10 of the Counterclaims are legal conclusions that require no response.

11. Ravgen denies the allegations in Paragraph 11 of the Counterclaims.

12. Ravgen admits that Progenity purports to desire a judicial determination of its rights and duties with respect to any alleged infringement of the '720 patent.

13. The allegations in Paragraph 13 are legal conclusions that require no response.

## COUNT II

### Declaration of Non-Infringement of U.S. Patent No. 7,727,720

14. Ravgen incorporates by reference Paragraphs 1-13.

15. Ravgen admits the allegations in Paragraph 15 of the Counterclaims.

16. Ravgen admits that it is the legal owner by assignment of the '720 patent.

17. Ravgen admits that it has alleged that Progenity has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '720 patent.

18.     Ravgen admits that Progenity purports to seek a declaration under 28 U.S.C. §§ 2201 and 2202 concerning whether Progenity has infringed and is infringing any valid and enforceable claim of the '720 Patent.   The remaining allegations in Paragraph 18 of the Counterclaims are legal conclusions that require no response.

19.     Ravgen denies the allegations in Paragraph 19 of the Counterclaims.

20.     Ravgen admits that Progenity purports to desire a judicial determination of its rights and duties with respect to any alleged infringement of the '720 patent.

21.     The allegations in Paragraph 21 are legal conclusions that require no response.

## COUNT III

### Declaration of Invalidity of U.S. Patent No. 7,332,277

22.     Ravgen incorporates by reference paragraphs 1–21.

23.     Ravgen admits the allegations in Paragraph 23 of the Counterclaims.

24.     Ravgen admits that it is the legal owner by assignment of the '277 patent.

25.     Ravgen admits that it has alleged that Progenity has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '277 patent.

26.     Ravgen admits that Progenity purports to seek a declaration under 28 U.S.C. §§ 2201 and 2202 concerning whether Progenity has infringed and is infringing any valid and enforceable claim of the '277 Patent.   The remaining allegations in Paragraph 26 of the Counterclaims are legal conclusions that require no response.

27.     Ravgen denies the allegations in Paragraph 27 of the Counterclaims.

28.     Ravgen admits that Progenity purports to desire a judicial determination of its rights and duties with respect to any alleged infringement of the '720 patent.

29.     The allegations in Paragraph 29 are legal conclusions that require no response.

3

## COUNT IV

### Declaration of Non-Infringement of the U.S. Patent No. 7,332,277

30.     Ravgen incorporates by reference Paragraphs 1-29.

31.     Ravgen admits the allegations in Paragraph 31 of the Counterclaims.

32.     Ravgen admits that it is the legal owner by assignment of the '277 patent.

33.     Ravgen admits that it has alleged that Progenity has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '277 patent.

34.     Ravgen admits that Progenity purports to seek a declaration under 28 U.S.C. §§ 2201 and 2202 concerning whether Progenity has infringed and is infringing any valid and enforceable claim of the '277 Patent.   The remaining allegations in Paragraph 34 of the Counterclaims are legal conclusions that require no response.

35.     Ravgen denies the allegations in Paragraph 35 of the Counterclaims.

36.     Ravgen admits that Progenity purports to desire a judicial determination of its rights and duties with respect to any alleged infringement of the '277 patent.

37.     The allegations in Paragraph 37 are legal conclusions that require no response.

### PRAYER FOR RELIEF

Ravgen denies that Progenity is entitled to any relief, either as prayed for in its Counterclaims or otherwise.   Ravgen further denies each allegation contained in Progenity's Counterclaims that was not specifically admitted, denied, or otherwise responded to herein. Ravgen respectfully requests that the Court enter judgment in its favor and against Progenity on the Counterclaims, declare this case exceptional under 35 U.S.C. § 285, award Ravgen its attorneys' fees, costs, and expenses, and grant Ravgen such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Ravgen hereby demands a trial by jury on all issues so triable.


Dated: April 13, 2021

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

John M. Desmarais (admitted *pro hac vice*)
Kerri-Ann Limbeek (admitted *pro hac vice*)
Jamie L. Kringstein (admitted *pro hac vice*)
Brian D. Matty (admitted *pro hac vice*)
Michael Ling (admitted *pro hac vice*)
Deborah J. Mariottini (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401
jdesmarais@desmaraisllp.com
klimbeek@desmaraisllp.com
jkringstein@desmaraisllp.com
bmatty@desmaraisllp.com
mling@desmaraisllp.com
dmariottini@desmaraisllp.com

*Attorneys for Plaintiff Ravgen, Inc.*