IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAVGEN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-1734-JLH-SRF |
| ) | |
| BIORA THERAPEUTICS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this **11th** day of **April, 2024**, the court having considered the parties' discovery dispute letter submissions (D.I. 266; D.I. 267) regarding plaintiff Ravgen, Inc.'s ("Plaintiff") motion to compel the production of documents redacted or withheld by defendant Biora Therapeutics, Inc. ("Defendant"),[1] as identified on Defendant's privilege logs, and having considered the corresponding *in camera* submission by Defendant, IT IS ORDERED that Plaintiff's motion to compel is GRANTED-IN-PART for the following reasons:

1. **Background.** The parties in this patent litigation are engaged in the field of non-invasive prenatal testing ("NIPT"). (D.I. 1 at ¶¶ 2, 4) Plaintiff obtained two patents covering the asserted technology in 2008 and 2010, and Defendant began to launch their allegedly infringing products in 2015. (*Id.* at ¶¶ 24-44) The complaint alleges that Defendant has been aware of the asserted patents since at least 2015, when Defendant's CEO, Harry Stylli, contacted Plaintiff's founder, Dr. Ravinder Dhallan, to discuss potential licensing of Plaintiff's technology. (*Id.* at ¶¶ 12, 58-61) However, no agreement was reached. (*Id.* at ¶ 60)

---

[1] Defendant was previously known as "Progenity, Inc." (D.I. 1)

2. The declarations submitted by Defendant in connection with this dispute indicate that, in or around mid-2015, Defendant was filing its own patent applications pertaining to NIPT technology. (D.I. 267, Ex. 1 at ¶ 7) Defendant also consulted with outside counsel to obtain analyses of certain issued patents. (*Id.*, Ex. 1 at ¶ 5; Ex. 2 at ¶ 5; Ex. 3 at ¶¶ 3-4) Outside counsel at Ropes and Gray communicated with in-house counsel Clarke Neumann, as well as non-attorney employee Aaron Scalia, conveying legal advice and mental impressions in anticipation of potential affirmative litigation regarding the patent analyses. (*Id.*, Ex. 1 at ¶¶ 5-6; Ex. 2 at ¶ 5) Plaintiff now seeks disclosure of unredacted copies of certain valuation spreadsheets and other documents identified in Defendant's privilege logs, arguing that those documents reflect business considerations and are not protected by the attorney-client privilege or work product doctrine. (D.I. 266)

3. **Legal standard.** The attorney client privilege protects communications between an attorney and a client. *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 231 (3d Cir. 2007). The party claiming attorney client privilege bears the burden of demonstrating its applicability. *In re Grand Jury*, 705 F.3d 133, 160 (3d Cir. 2012). To satisfy this burden, Defendant must demonstrate that the documents are "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *In re Chevron Corp.*, 650 F.3d 276, 289 (3d Cir. 2011). The privilege protects only communications, and not facts. *Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981). The primary purpose of the communication must be to solicit or render legal advice, and merely sending a communication to an attorney or attaching a document to a privileged or protected communication does not automatically invoke the privilege. *Allscripts Healthcare, LLC v. Andor Health, LLC*, C.A. No. 21-704-MAK, 2022 WL 605347, at *1 (D. Del. Jan. 27, 2022).

4. **Analysis.** For the reasons set forth in more detail below, Plaintiff's motion is GRANTED-IN-PART as follows:

| FINANCIAL VALUATION SPREADSHEETS | | | |
|---|---|---|---|
| **Bates No.** | **Docket Citation** | **Description** | **Disposition** |
| PRO_RAV_00136809 | D.I. 266, Ex. 23 at Entry No. 69 | Valuation spreadsheet reflecting advice of outside counsel | DENIED |
| PRO_RAV_00136728 | D.I. 266, Ex. 23 at Entry No. 70 | Valuation spreadsheet reflecting advice of outside counsel | DENIED |
| PRO_RAV_00136810 | D.I. 266, Ex. 23 at Entry No. 71 | Valuation spreadsheet reflecting advice of outside counsel | DENIED |
| PRO_RAV_00136752 | D.I. 266, Ex. 23 at Entry No. 72 | Email re valuation spreadsheets reflecting advice of outside counsel | DENIED |
| PRO_RAV_00136755 | D.I. 266, Ex. 23 at Entry No. 73 | Valuation spreadsheet reflecting advice of outside counsel | DENIED |
| PRO_RAV_00136716 | D.I. 266, Ex. 23 at Entry No. 74 | Email re valuation spreadsheets reflecting advice of outside counsel | DENIED |
| PRO_RAV_00136811 | D.I. 266, Ex. 23 at Entry No. 75 | Valuation spreadsheet reflecting advice of outside counsel | DENIED |
| PRO_RAV_00136786 | D.I. 266, Ex. 23 at Entry No. 76 | Valuation spreadsheet reflecting advice of outside counsel | DENIED |
| PRO_RAV_00136719 | D.I. 266, Ex. 23 at Entry No. 77 | Email re valuation spreadsheets reflecting advice of outside counsel | DENIED |
| PRO_RAV_00136720 | D.I. 266, Ex. 23 at Entry No. 78 | Email re valuation spreadsheets reflecting advice of outside counsel | DENIED |
| PRO_RAV_00136808 | D.I. 266, Ex. 23 at Entry No. 79 | Valuation spreadsheet reflecting advice of outside counsel | DENIED |
| PRO_RAV_00136738 | D.I. 266, Ex. 23 at Entry No. 80 | Email re valuation spreadsheets reflecting advice of outside counsel | DENIED |
| PRO_RAV_00136740 | D.I. 266, Ex. 23 at Entry No. 81 | Valuation spreadsheet reflecting advice of outside counsel | DENIED |

| PRO_RAV_00136741 | D.I. 266, Ex. 23 at Entry No. 82 | Email re valuation spreadsheets reflecting advice of outside counsel | DENIED |
| --- | --- | --- | --- |
| **COMMUNICATIONS BETWEEN NON-ATTORNEYS**[2] | | | |
| **Bates No.** | **Docket Citation** | **Description** | **Disposition** |
| N/A | D.I. 266, Ex. 20 at Entry No. 1 | Email between non-attorneys which does not contain legal advice | GRANTED |
| N/A | D.I. 266, Ex. 20 at Entry No. 2 | Email between non-attorneys which does not contain legal advice | GRANTED |
| PRO_RAV_00109709 | D.I. 266, Ex. 23 at Entry No. 10[3] | Email between non-attorneys which does not contain legal advice | GRANTED |
| N/A | D.I. 266, Ex. 20 at Entry No. 64 | Email re legal advice of outside counsel | DENIED |
| N/A | D.I. 266, Ex. 20 at Entry No. 65 | Spreadsheet conveying information requested by outside counsel for the provision of legal advice | DENIED |
| N/A | D.I. 266, Ex. 20 at Entry No. 79 | Email re legal advice / strategy of in-house counsel | DENIED |
| N/A | D.I. 266, Ex. 20 at Entry No. 80 | Spreadsheet conveying information requested by outside counsel for the provision of legal advice | DENIED |
| N/A | D.I. 266, Ex. 20 at Entry No. 103 | Email providing information to request legal advice of outside counsel | DENIED |
| N/A | D.I. 266, Ex. 20 at Entry No. 104 | Memorandum providing information for purposes of requesting legal advice from outside counsel | DENIED |
| N/A | D.I. 266, Ex. 20 at Entry No. 105 | Email providing information to request legal advice of outside counsel | DENIED |

---

[2] Plaintiff confirms that, on the eve of letter briefing regarding this dispute, Defendant produced the documents attached at D.I. 266, Exs. 19 and 28. (D.I. 266 at 2-3) These documents, which begin at Bates Nos. PRO_RAV_00143587 and PRO_RAV_00143584, respectively, are therefore no longer at issue.

[3] A redacted version of this document is attached as Exhibit 15 to Plaintiff's letter submission. (D.I. 266, Ex. 15)

| Bates No. | Docket Citation | Description | Disposition |
|---|---|---|---|
| N/A | D.I. 266, Ex. 20 at Entry No. 106 | Memorandum providing information for purposes of requesting legal advice from outside counsel | DENIED |
| **RAVGEN PRESENTATIONS** | | | |
| Bates No. | Docket Citation | Description | Disposition |
| PRO_RAV_00136743 | D.I. 266, Ex. 23 at Entry No. 8 | Email attaching presentation and discussing advice of counsel | DENIED |
| PRO_RAV_00136744 | D.I. 266, Ex. 23 at Entry No. 9 | Presentation disclosing legal strategy of counsel | DENIED |
| PRO_RAV_00143586 | D.I. 266, Ex. 20 at Entry No. 21 | Presentation disclosing legal strategy of counsel | DENIED[4] |
| N/A | D.I. 266, Ex. 20 at Entry No. 59 | Email providing information to obtain legal advice of outside counsel | DENIED[5] |
| **LAB NOTEBOOK 17** | | | |
| Bates No. | Docket Citation | Description | Disposition |
| PRO_RAV_00132695 | D.I. 266, Ex. 23 at Entry No. 1 | Lab notebook disclosing technical information | GRANTED |

5. ***Financial valuation spreadsheets.*** Plaintiff's motion to compel the production of unredacted copies of financial valuation spreadsheets and related communications is DENIED. (D.I. 266, Ex. 23 at Entry Nos. 69-82) Plaintiff argues that the redacted content is not privileged because the spreadsheets were allegedly created by and for non-attorney Biora employees for business purposes regarding Defendant's efforts to acquire Plaintiff. (D.I. 266 at 1-2) Defendant responds that the spreadsheets were prepared by a non-attorney acting at counsel's direction, and

---

[4] Plaintiff included this document in its discussion of "Communications between non-attorneys regarding Ravgen." (D.I. 266 at 2) Defendant included it in the discussion of Ravgen presentations. (D.I. 267 at 3 n.5) The court categorizes the document in accordance with Defendant's characterization following the *in camera* review.

[5] Plaintiff included this document in its discussion of "Communications between non-attorneys regarding Ravgen." (D.I. 266 at 2) Defendant included it in the discussion of Ravgen presentations. (D.I. 267 at 3 n.6) The court categorizes the document in accordance with Defendant's characterization following the *in camera* review.

5

the contents of the spreadsheets reflect the substance of counsel's communications and mental impressions. (D.I. 267 at 1-2)

6. The court's *in camera* review establishes that the redacted content in the spreadsheets contemplates several litigation scenarios and the associated impact of those litigation strategies on valuations. The declarations of Clarke Neumann, Aaron Scalia, and James Haley confirm that Mr. Scalia drafted these spreadsheets at the direction of Defendant's in house counsel to relay the legal advice and mental impressions of outside counsel in anticipation of potential affirmative litigation. (D.I. 267, Ex. 1 at ¶¶ 4-6; Ex. 2 at ¶¶ 5, 7; Ex. 3 at ¶¶ 4, 6) The court's decision in *Elm 3DS Innovations, LLC v. Samsung Electronics Co., Ltd.* is distinguishable on this basis because the court lacked information on who prepared the spreadsheets, who directed the spreadsheets to be prepared, or whether they were prepared in anticipation of litigation or to facilitate the provision of legal advice. C.A. No. 14-1430-LPS-JLH, 2021 WL 4819904, at *3 (D. Del. Oct. 15, 2021). The associated communications contain minimal redactions focused exclusively on the redacted content in the spreadsheets. Consequently, Defendant has met its burden to establish that the attorney-client privilege applies.

7. The redacted portions of these documents are also protected by the work product doctrine because the record shows they were prepared in anticipation of litigation by a party or its representative. *See* Fed. R. Civ. P. 26(b)(3)(A); *Novartis Pharms. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 163 (D. Del. 2001).

8. ***Communications between non-attorneys regarding Ravgen.*** Plaintiff's motion to compel the production of unredacted versions of various communications between non-attorneys regarding Plaintiff is GRANTED-IN-PART. (D.I. 266, Ex. 20 at Entry Nos. 1, 2, 64, 65, 79, 80, 103-06; Ex. 23 at Entry No. 10) The motion is GRANTED with respect to Entry Nos. 1 and 2

and PRO_RAV_00109709. (*Id.*, Ex. 20; Ex. 23 at Entry No. 10) These are communications between non-attorneys. Although they reference intellectual property and/or specific patent claims in Plaintiff's asserted patents, they do not reflect the legal advice of an attorney and there is no indication from the face of the documents that counsel was the source of or had any input concerning these communications. Defendant has not met its burden to demonstrate that these three documents are properly withheld as privileged.

9. The motion is DENIED with respect to Entry Nos. 64-65, 79-80 and 103-106. These communications are also between non-attorneys, but the court's *in camera* review confirms that Entry Nos. 64-65 were sent after a call with outside counsel and they provide content requested by outside counsel for patent filings. *See Idenix Pharms., Inc. v. Gilead Scis., Inc.*, 195 F. Supp. 3d 639, 643-44 (D. Del. 2016) (protecting as privileged a confidential communication within the client for purposes of seeking legal advice on drafting a patent application). Entry Nos. 79-80 disclose patent filing strategies and include a spreadsheet regarding the status of ongoing intellectual property matters prepared at in-house counsel's direction. (D.I. 267, Ex. 2 at ¶ 8; Ex. 3 at ¶¶ 8-9) Entry Nos. 103-106 are documents and associated communications which are clearly marked "Attorney-Client Privileged" and "Confidential." The documents provide extensive analysis of certain patents and associated litigation for review by outside counsel. Thus, Defendant has met its burden to show that these documents were properly withheld as privilege.

10. ***Ravgen Presentations.*** Plaintiff's motion to compel the production of unredacted versions of two PowerPoint presentations and an associated email is DENIED. (D.I. 266, Ex. 23 at Entry Nos. 8-9; Ex. 20 at Entry Nos. 21, 59) According to Plaintiff, slides and information presented at executive meetings or employee brainstorming sessions are not privileged if they do

not convey legal advice. (D.I. 266 at 3) Defendant responds that these presentations and the related communications convey the legal advice of outside counsel regarding intellectual property issues in anticipation of litigation. (D.I. 267 at 3-4) The court's *in camera* review of the presentations and associated email confirm Defendant's position that they convey the legal advice of counsel regarding the strength and scope of Plaintiff's asserted patents. *See Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 12-193-LPS *et al.*, 2016 WL 3213585, at *1, ¶ 3 (D. Del. June 2, 2016).

11. ***Lab Notebook 17.*** Plaintiff's motion to compel the production of an unredacted version of Lab Notebook 17 is GRANTED. (D.I. 266, Ex. 23 at Entry No. 1) The lab notebook pertains to the development of Biora's NIPT test, prepared by software engineer Tobias Mann. (D.I. 266 at 3) Defendant contends that the pages of the lab notebook were redacted because they contain an invention disclosure that Biora scientists are required to complete for submission to counsel to obtain legal advice on patent prosecution. (D.I. 267 at 4) In support of this argument, Defendant cites *In re Spalding Sports Worldwide, Inc.*, which states that "an invention record constitutes a privileged communication, as long as it is provided to an attorney for the purpose of securing primarily legal opinion, or legal services." 203 F.3d 800, 805 (Fed. Cir. 2000).

12. In this case, however, there is no evidence confirming that this lab notebook was communicated to counsel. The declaration of in-house counsel Clarke Neumann describes the general policy for Biora scientists to complete and sign an invention disclosure form and states that Tobias Mann was complying with that policy. (D.I. 267, Ex. 2 at ¶¶ 4, 10-11) But the declaration states only that Mr. Neumann reviewed the lab notebook in connection with the challenge to the privilege log. (*Id.*, Ex. 2 at 11) Mr. Neumann did not indicate that he had

previously reviewed the lab notebook. The facts in this case are therefore distinguishable from the circumstances in *In re Spalding*, where the district court's review confirmed that the invention record was submitted by the inventors to the legal department. 203 F.3d at 805. Here, the redacted portions are factual in nature, they do not reflect legal advice or a dialogue between an attorney and his client, and they largely reflect the same substantive content as handwritten notes in unredacted portions of the notebook. (*Compare* PRO_RAV_00132706 *with* PRO_RAV_00132710) Consequently, Defendant has not met its burden to show that privilege attaches to the redacted portions of the lab notebook.

**13. *Work product protection.*** Plaintiff also challenges Defendant's assertion of the work-product protection. A document is protected by the work product doctrine if it is prepared in anticipation of litigation or trial by a party or its representative. Fed. R. Civ. P. 26(b)(3)(A); *see Novartis*, 203 F.R.D. at 163. The doctrine is broader than the attorney-client privilege because it may apply even if the material is prepared by or for a non-attorney. *See Nielsen Co. (US), LLC v. HyphaMetrics, Inc.*, C.A. No. 21-1591-CJB, 2023 WL 3569362, at *1 (D. Del. May 19, 2023) (citing cases).

**14.** Here, Plaintiff argues that the documents could not have been made in anticipation of litigation because they were created prior to and in the ordinary course of Defendant's negotiations with Plaintiff. (D.I. 266 at 4) But Defendant responds that it did not anticipate being sued by Plaintiff. (D.I. 267 at 4) Instead, Defendant created documents to aid in potential affirmative litigation anticipated by Defendant. (*Id.*) Defendant has met its burden to show that the work product protection applies.

**15.** Plaintiff further contends that the work product protection should be abrogated based on Plaintiff's substantial need for the withheld information to impeach Mr. Stylli, Defendant's

9

30(b)(6) witness. (D.I. 266 at 4) Under Rule 26(b)(3), a party may obtain documents otherwise protected under the work product doctrine if it demonstrates a "substantial need of the materials in the preparation of the party's case and . . . the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3). The court is not in a position to comment on the credibility of Mr. Stylli's testimony for purposes of this motion.

16. Even if the court were to assume, *arguendo*, Mr. Stylli's testimony is inconsistent with Defendant's representations that it was considering litigation at the time the documents were created, Plaintiff has not established a substantial need sufficient to overcome the work product protection in this case. At least one district court within the Third Circuit has held that "such a need for corroborative or impeachment evidence does not constitute a 'substantial need' sufficient to justify vitiation of work-product protection." *Coma v. United States*, 2022 WL 3220389, at *7 (M.D. Pa. Aug. 9, 2022) (citing cases). The weight of authority from other districts supports a conclusion that the desire to obtain impeachment evidence generally does not amount to a substantial need. *See McPeek v. Ashcroft*, 202 F.R.D. 332, 339 (D.D.C. 2001) ("[I]f the desire to impeach a witness with prior inconsistent statements is a sufficient showing of substantial need, the work product privilege would cease to exist[.]"); *United States ex rel. Everest Principals, LLC v. Abbott Labs.*, 2023 WL 8040762, at *8 (S.D. Cal. Nov. 20, 2023) (finding that "a hypothetical opportunity for impeachment does not support a finding of substantial need."). Plaintiff has failed to establish "more than speculative or conclusory statements that the [withheld documents] will contain invaluable impeachment material" that is not available from another source. *Duck v. Warren*, 160 F.R.D. 80, 83 (E.D. Va. 1995).

**17. Conclusion.** For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to compel the production of unredacted copies of certain documents is GRANTED-IN-PART as set forth in ¶ 4, *supra*, summarized as follows:

- The motion is GRANTED with respect to certain communications between non-attorneys regarding Plaintiff (D.I. 266, Ex. 20 at Entry Nos. 1 and 2; Ex. 23 at Entry No. 10 - PRO_RAV_00109709), and the redacted portions of Lab Notebook 17 (D.I. 266, Ex. 23 at Entry No. 1 - PRO_RAV_00132695). Plaintiff shall produce unredacted copies of these documents on or before **April 18, 2024**.

- The motion is DENIED in all other respects. (D.I. 266, Ex. 23 at PRO_RAV_00136809; PRO_RAV_00136810; PRO_RAV_00136811; PRO_RAV_00136728; PRO_RAV_00136752; PRO_RAV_00136755; PRO_RAV_00136716; PRO_RAV_00136719; PRO_RAV_00136720; PRO_RAV_00136786; PRO_RAV_00136808; PRO_RAV_00136738; PRO_RAV_00136740; PRO_RAV_00136741; PRO_RAV_00136743; PRO_RAV_00136744; Ex. 20 at Entry Nos. 21, 59, 64-65, 79-80 and 103-106)

18. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **April 18, 2024**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re*

*Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

19. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

20. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge